UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IMEDIA NY, INC.,

                *Plaintiff*,

- against -

BRYANT MEYERS and ENERGY MED LLC,

                *Defendants*.

Case No.:

**COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

Plaintiff, iMedia NY, Inc., doing business as "Healthyline" ("Healthyline" or "Plaintiff"), by and through its counsel, Sauchik & Giyaur P.C., brings this action against the defendants, Bryant Meyers ("Meyers") and Energy Med LLC ("Energy Med") (Meyers and Energy Med are referred to herein, collectively, as "Defendants"), and alleges as follows:

**SUMMARY OF THE ACTION**

1.      This is an action at law and in equity to remedy acts of, *inter alia*, (a) product disparagement, trade libel, and false description under section 43(a) of the Lanham Act, 15 U.S.C. §1125(a); (b) deceptive trade practices under New York General Business Law and the common law of the State of New York; (c) product disparagement and trade libel under the common law of the State of New York; (d) interference with prospective economic advantage; and (e) commercial defamation under the common law of the State of New York.

2.      Since at least 2013, Healthyline has been designing and producing over 100 models of medical heat therapy mats, vests and other products that incorporate natural gemstones, pulsed electromagnetic fields ("PEMF"), and other modalities, including far infrared heat, negative ions, and photon lights, in their design. Presently, Healthyline is a market leader

in its field.

3. Through an enormous investment of time, money, and resources, Healthyline has developed highly effective and safe heating mats and other devices using infrared heating and PEMF. In 2016, Healthyline patented the modality, used in Healthyline products, that combines infrared heating and PEMF.

4. Defendants, which compete with Plaintiff in the same market for similar products, are falsely claiming that Healthyline products are counterfeit, inferior, and use materials and technologies that are unsafe, ineffective, and harmful to consumer health. Using false, malicious and injurious statements, Defendants are discouraging existing and prospective Healthyline customers from purchasing Healthyline products and are inducing existing users of Healthyline products to stop using them. The monetary and reputational damage to various Healthyline products that are under attack from Defendants, the Healthyline brand, Healthyline's other products, and Healthyline as a company are enormous.

5. Defendant Meyers, Energy Med, and other entities, which act in concert with Meyers, are distributor of various products that compete with those of Plaintiff. Defendants' products are manufactured by a Swiss company Swiss Bionic Solutions GmbH. Defendants operate a website www.imrs2000.com, which lists a toll-free telephone number that prospective customers can use to place direct orders for Defendants' products. Defendants also own and operate a website, www.pemft.net, which contains Defendants' statements in print and video concerning Plaintiff's products. Defendants' products are also sold through independent distributors.

6. Defendants have launched an unprecedented and malicious attack on Plaintiff and its products. Defendants' false and malicious statements in print, video, and on the Internet,

have irreparably harmed the value of Healthyline's investment by falsely portraying Healthyline's products as dangerous, and by making unfounded and misleading claims as to PEMF technologies used in Healthyline's products.  Defendant Meyers disseminates these false and malicious claims through, among other things, his YouTube channel, https://www.youtube.com/user/bryantmeyers, which at the time of this Complaint has over five thousand subscribers and contains 124 videos, as well as www.imrs2000.com and www.pemft.net websites.

7. While Defendants' ads may have, at one time, been limited to a simple expression of study data, this is clearly no longer the case. The aggressiveness and explicitness of Defendants' tactics have increased over time. The progressive encroachment of Defendants' false advertising and other malicious tactics forces Healthyline to seek this Court's assistance in stopping this campaign and awarding Healthyline damages to make it whole.

## THE PARTIES

8. Plaintiff Healthyline is a corporation duly organized and existing under the laws of the State of New York, having its principal place of business in New York, New York. Healthyline designs and markets various consumer products, including medical heat therapy mats, vests and other products that use natural gemstones, PEMF, and other modalities, including far infrared heat, negative ions, and photon lights.  Healthyline products are sold throughout the United States and in the State of New York, including this judicial district.

9. Defendant Meyers is an individual residing in the State of Florida.  Defendant Myers is a principal and CEO of Defendant Energy Med.  Products marketed and distributed by Meyers are sold throughout the United States and in the State of New York, including this judicial district.  The offending advertising statements have been published nationally, including

in this judicial district.

10. Defendant Energy Med is a limited liability company organized and existing under the laws of the State of Florida, having places of business in Bradenton, Florida and Sarasota, Florida. Energy Med markets and distributes, directly and through affiliates, products that use PEMF, including, but not limited to products manufactured by Swiss Bionic Solutions GmbH. Products marketed and distributed by Energy Med are sold throughout the United States and in the State of New York, including this judicial district. The offending advertising statements have been published nationally, including in this judicial district.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 because the action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States. The Court has supplemental jurisdiction over Healthyline's state law claims pursuant to 28 U.S.C. §1367(a).

12. This Court has personal jurisdiction over Meyers and Energy Med because Meyers and Energy Med sell products, offers products for sale (including via the advertisements that are the subject of this lawsuit) and have published the offending advertising in New York, including in this judicial district, and otherwise conducts business in the State of New York, including this judicial district.

13. Venue is proper in this federal judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred within this district; and pursuant to 28 U.S.C. § 1391(c) because Defendants are subject to personal jurisdiction in this judicial district, and on that basis are deemed to reside in this

district.

## BACKGROUND

14. Healthyline is a health and wellness company that designs and markets various consumer products, including, but not limited to, mats and vests that use different modalities to deliver health and wellness benefits to consumers.

15. Some of the modalities that Healthyline products incorporate in their design are natural gemstones, PEMF, far infrared heat, negative ions, and photon lights.

16. There exists a substantial consumer market in the United States for equipment and products incorporating the modalities used in Healthyline products. Healthyline sells its products to individuals and spas that use Healthyline products commercially.

17. Healthyline sells its products directly to consumers via its website, Healthyline.com. Healthyline also operates a brick-and-mortar store located at 515 7th Avenue, New York, New York. It also sells its products at trade shows throughout the United States.

18. One of the biggest distribution channels for Healthyline products are its authorized resellers. The largest reseller of Healthyline products by volume of sales is Healthywave, a company located in Blaine, Washington, which owns and operates a website healthywavemat.com.

19. Healthyline products are known and distinguishable from those sold by other companies in several important respects. Healthyline products combine multiple modalities, while typically other products offer only one modality. Additionally, Healthyline products incorporate intricate control mechanisms that permit consumers to vary parameters of treatment as they see fit, within a wide range.

20. Many Healthyline products incorporate low frequency PEMF technology. Many

independent studies have demonstrated significant health benefits from using PEMF technologies.  However, the use of PEMF technologies has not been evaluated by the U.S. Food and Drug Administration ("FDA").

21.     Healthyline does not make any claims that it is not permitted to make under the laws applicable to marketing of medical devices.  All of Healthyline's advertising and promotion activities are conducted in strictest compliance with all rules and regulations applicable to marketing of consumer products, including the Federal Trade Commission Act, 15 U.S.C. § 41 *et seq.* (the "FTC Act").

22.     There exist various studies that claim to have evaluated the effects of varying parameters of PEMF on human health and wellbeing.  Some of these studies claim that PEMF of certain frequencies, intensities, and pulse duration, among other things, are more beneficial than others, while others claim that certain PEMF types are harmful or useless.   Upon information and belief, the U.S. Food and Drug Administration has not evaluated any of these studies.

23.     Healthyline has, and continues to, design products that incorporate controllers allowing consumers to vary multiple parameters of PEMF applications.  For example, Healthyline products allow consumers to vary frequencies and pulse duration as well as intensity of PEMF applications and the duration of the therapy.

24.     Healthyline products are widely used by consumers worldwide.  Healthyline products have been featured in numerous publications and have been reviewed by and endorsed by many public figures, including celebrity media personalities.  Healthyline, its products, and its distributors, enjoy stellar and enthusiastic reviews on various review platforms.

25.     Consumers who use Healthyline products as well as those made and sold by other companies, which products incorporate PEMF and other modalities, are often very sensitive to

reviews, studies and claims regarding such products' operating principles, effect on human health and well-being, and such products' safety and efficiency. This is partially so because such products are not prescribed by healthcare professionals but are marketed directly to consumers on the basis of advertising claims. Many users of PEMF products rely on and are sensitive to such advertising claims, particularly when they are purported to be backed by solid scientific evidence.

26. Defendant Meyers is a self-proclaimed "influencer" and "researcher" of PEMF technology. He is the author of a book on PEMF which, at some point in 2019, he claimed had sold over 100,000 copies. He also admitted to owning and operating over twenty websites on PEMF technology. He also claimed that his YouTube channels had had over 1,000,000 views.

27. Meyers, through various entities, including but not limited to Defendant Energy Med, acts as a United States dealer and distributor of products made by Swiss Bionic Solutions GmbH, namely, iMRS2000 Prime Systems.

28. iMRS2000 Prime Systems use PEMF technologies that use similar operating principles to Healthyline products. iMRS2000 Prime Systems ("iMRS2000") come in the form of mats and other styles. iMRS2000 directly competes with Healthyline products.

29. Meyers has made claims about iMRS2000 that are prohibited by the FTC Act, 15 U.S.C. § 41 *et seq.* For example, on May 11, 2020, the Federal Trade Commission ("FTC") issued a warning letter to Meyers stating that he had made claims in violation of the FTC act, namely, that iMRS2000 products can assist in preventing, treating, or curing Covid-19 and its complications, and requesting him and his entities to cease making false and unsubstantiated claims and provide assurances of compliance to the FTC.

## MEYERS' FALSE ADVERTISING AND PRODUCT DISPARAGEMENT

30. In or about 2019, Meyers embarked on a campaign of false advertising and product disparagement aimed at Healthyline and its products.

31. In December 2019, Meyers threatened Healthyline to begin an aggressive "comparison" review campaign to disparage Healthyline products. He claimed that he had done the same to another company, Bemer, and as a result, Bemer lost probably well over $1,000,000 in sales.

32. Meyers' threats were, ostensibly, in response to a technical comparison video review that was made by and posted by Healthywave, Healthyline's distributor.

33. Meyers acted on his threat. In 2019, he launched a Google advertising campaign in which he created an appearance that Healthyline was critical of Healthywave and was disparaging Healthywave, its staff, and the products it sold. Nowhere in the Google advertising campaign that Meyers had maliciously created was there any mention to consumers that it was commissioned by Meyers. However, upon request Google disclosed to Healthyline that it was a smear campaign created and paid for by Meyers.

34. Upon information and belief, this Google advertising campaign was highly effective in creating false impressions upon existing and potential consumers of Healthyline products. Healthyline received numerous inquiries from existing and potential customers who were puzzled and perturbed by what they perceived to be information coming from Healthyline.

35. In 2019 and 2020, Healthyline and Healthywave experienced a dramatic decrease in sales and lost many existing and potential customers.

36. In the summer of 2023, Meyers struck again. He began posting numerous videos and other materials on the Internet critical of Healthyline and its products. One example of such

videos is accessible here: https://www.youtube.com/watch?v=E6l1fQUijss.  The video, which was posted in or about June 2023, is entitled "Healthyline / Healthywave PEMF Mat Review & Exposé".  The first line of the comments to the video states "Don't Buy Healthyline (or Healthywave) if you are in the market for a PEMF Device call me for a free consultation 941-928-0124. Or email questions to bryant.meyers@gmail.com"



37.	The video is just one example of many different false and misleading ones created

by Meyers.

38. In these videos and website posts made in recent months, Meyers makes inaccurate technical claims asserting that Healthyline's PEMF technology does not produce proper signals, uses low-quality materials, has ineffective infrared heating and other functions, and more. He refers to Healthyline's PEMF devices as "fake", "counterfeit" and "unsafe", alleging they cannot provide health benefits to consumers who purchase them.

39. However, evidence from Healthyline's own product testing and engineering specifications contradicts many of Meyers' technical assertions about the current products.

40. In other recent YouTube videos, Meyers targeted Healthyline by making multiple unsupported claims about the products being unsafe, low quality, and ineffective. He provided no concrete evidence for these assertions. Meyers continues trying to portray Healthyline products as "toxic" and "harmful".

41. There is absolutely no independent valid scientific evidence that any of Meyers' statements concerning Healthyline products are true.

42. Meyers' videos and other website postings have been viewed by thousands of current and potential customers of Healthyline worldwide. Aiming to produce a maximum negative impact on Healthyline, Meyers ensured that his vile, malicious videos and other materials rank high on YouTube. For example, a search for "Healthyline mat" on YouTube on November 16, 2023, showed Meyers' "expose" in a number five position.

43. Consumers began noticing Meyers' smear campaign and have reacted to it negatively. By way of example, Healthyline's customers have been sending Healthyline's customer support emails like this:

> I just watched Bryant Meyers expose' on your multi modality mats. If what he says is true, I feel totally ripped off and I want me money back! If he is not correct I want an

explanation of how he is not correct. Your write up on dirty electricity is just one of MANY comments he made, including the frequency is 60 hz for all your options it's just pulsed on and off; the red light is TOTALLY ineffective, the 'PEMF' coils are not designed correctly, there is no negative ions, the infrared therapy is at the wrong frequency.
As you might imagine, I am not happy. I can't believe I'm the only one writing you so hopefully you already have a rebuttal written. I look forward to your responses

44.     Meyers' actions are intentionally malicious and pursue two clear goals – disparage and damage Healthyline and its products and promote iMRS2000, the brand that he distributes and sells.

45.     Meyers does not even attempt to disguise that the reason for his malicious actions is to promote his products.  Links to iMRS2000.com, positive reviews about this brand, and the websites affiliated with Meyers that promote iMRS2000 are frequently prominently featured throughout the disparaging and negative materials about Healthyline.  The videos published by Meyers also portray iMRS2000 in a positive light while claiming that Healthyline products are inferior, unsafe, and useless.

46.     Upon information and belief, the false and misleading statements and advertising claims set forth herein are part of a common marketing scheme or plan by Meyers, which includes printed advertising and promotional materials, materials intended for consumer dissemination to erode professional and consumer confidence in the safety of Healthyline products, in the Healthyline brand and in Healthyline as a company.

## HARM CAUSED BY DEFENDANTS' ACTIONS

47.     Defendants' portrayal of Healthyline products intentionally misleads, confuses, and deceives consumers, through words and visual images, and through a combination of words and visual images, into believing that Healthyline products are unsafe, inferior to Defendants' products, counterfeit, and ineffective. This message is materially false and deceptive because

Healthyline products are not unsafe, nor are they inferior to Defendants' products, counterfeit or ineffective.

48. Defendants' portrayal of Healthyline products intentionally misleads, confuses, and deceives consumers, through words and visual images, and through a combination of words and visual images, into believing that Healthyline products may cause negative health effects on consumers of such products. This message is materially false and deceptive because the scientific and clinical data do not establish this contention.

49. Upon information and belief, Defendants' advertisements were intended to and did in fact mislead and deceive consumers into recommending and/or purchasing Defendants' products.

50. Upon information and belief, Defendants' advertisements were intended to and did in fact mislead and deceive consumers to the point that they have refrained from purchasing or continuing to use Healthyline products.

51. Upon information and belief, the foregoing actions of Defendants were undertaken willfully and wantonly, and with a conscious disregard for Healthyline's rights.

52. Prior to Defendants' wrongful conduct, Healthyline had developed and maintained substantial goodwill and reputation with regard to its products and business. Defendants' wrongful conduct, as described in this Complaint, has caused substantial damages, including harm to the reputation of Healthyline's products and goodwill, and expenses in time and money incurred to combat Defendants' false statements.

53. As a direct and proximate result of Defendants' false and misleading campaign, Healthyline is suffering immediate and continuing irreparable injury for which there is no adequate remedy at law.

54. Further, Defendants' actions are likely to have caused and will likely continue to cause Healthyline to suffer substantial damages, including loss of sales and profits of its products and loss of market share.

55. The foregoing acts have occurred in, or in a manner affected, interstate commerce.

## COUNT I
**(False Advertising in Violation of the Lanham Act, 15 U.S.C. § 1125(A))**

56. Plaintiff realleges and incorporates by reference paragraphs **Error! Reference source not found.** to 55 of this Complaint as though set forth in full herein.

57. The foregoing acts of the Defendants constitute false advertising and false representation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58. This is an exceptional case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## COUNT II
**(Product Disparagement in Violation of the Lanham Act, 15 U.S.C. § 1125(A))**

59. Plaintiff realleges and incorporates by reference paragraphs **Error! Reference source not found.** to 58 of this Complaint as though set forth in full herein.

60. As detailed above, Defendants have disseminated in commerce disparaging misrepresentations about Healthyline products for the commercial advertising and promotion of Defendants' products, which has resulted or is likely to result in significant damage to Healthyline.

61. The statements made by Defendants are not subjective claims or opinions but are demonstrably false descriptions and representations of fact about the nature, characteristics and qualities of Healthyline products.

62. These statements have been made by Defendants, recognized market competitors of Healthyline, to influence consumers to buy Defendants' goods or services and have been disseminated sufficiently to the relevant purchasing public to constitute commercial advertising or promotion.

63. The foregoing acts of Defendants constitute product disparagement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64. This is an exceptional case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## COUNT III
**(Violation of New York General Business Law)**

65. Plaintiff realleges and incorporates by reference paragraphs **Error! Reference source not found.** to 64 of this Complaint as though set forth in full herein.

66. Defendants' advertising is consumer-oriented and materially misleading. Consumers and the public at large are being harmed as a result of Defendants' deceptive practices, acts and advertisements. Defendants' advertising has a broad impact on consumers.

67. The foregoing acts of Defendants constitute deceptive acts and practices and false advertising addressed to the market generally and/or in a manner that implicates consumer protection concerns in violation of the New York State Gen. Bus. Law §§ 349 and 350.

## COUNT IV
**(Product Disparagement, Injurious Falsehood and Trade Libel Under New York Common Law)**

68. Plaintiff realleges and incorporates by reference paragraphs **Error! Reference source not found.** to 67 of this Complaint as though set forth in full herein.

69. As described above, Defendants have disseminated false and disparaging statements of fact about Healthyline products. As specific examples of such statements, Healthyline incorporates paragraph 36 of this Complaint by reference, as if fully restated herein. These statements regarding Healthyline products are not susceptible to any meaning other than one that is disparaging.

70. Defendants' false and disparaging statements were broadly disseminated to numerous third parties through printed materials and the internet.

71. On information and belief, Defendants' statements about Healthyline products were made with either knowledge of the falsity of the statements or with reckless disregard of the truth or falsity of the statements.

72. On information and belief, Defendants made these false and disparaging statements with intent to harm Healthyline, or with knowledge that harm to Healthyline would inevitably result.

73. These statements have played and will continue to play a material and substantial part in inducing members of the public not to deal with Healthyline or to purchase Healthyline products. For example, Healthyline has received reports that some patients who purchased Healthyline products returned them and asked for a refund, after having viewed the type of materials included in the Defendants' advertisements.

74. As a direct and proximate result of these actions, Healthyline has suffered and will continue to suffer significant and special damages.

75. The foregoing acts of Defendants constitute product disparagement, trade libel and injurious falsehood under the common law of New York.

## COUNT V
### (Unfair Competition Under New York Common Law)

76. Plaintiff realleges and incorporates by reference paragraphs **Error! Reference source not found.** to 75 of this Complaint as though set forth in full herein.

77. The foregoing acts of Defendants constitute unfair competition under the common law of New York.

## COUNT VI
### (Tortious Interference With Prospective Business Relations)

78. Plaintiffs reallege and incorporate by reference paragraphs **Error! Reference source not found.** to 77 of this Complaint as if fully set forth herein.

79. Defendants interfered with and caused Healthyline's business relations, namely its consumers to dilute and cease their relationship with Healthyline, and preventing potential customers from doing business with Healthyline, by improperly causing the reduction of product purchased from Healthyline.

80. Defendants have interfered with Healthyline's business relations for the purpose of inflicting intentional harm on Healthyline while simultaneously enriching themselves.

81. As a direct result of Defendants' actions, Healthyline has suffered harm to its business and its business prospects.

82. As a result of the foregoing, Healthyline is entitled to an award of compensatory, consequential, and punitive damages for malicious and wanton conduct based upon the Defendants' past and continuing tortious interference. Further, Defendants should be directed to immediately account for all monies earned as a result of their tortious interference and to disgorge same.

83. Defendant's acts are knowing and willful because Defendants committed such acts with knowledge that Healthyline products are not as Defendants have described them in the false and injurious advertising campaign described in this Complaint.

84. Unless Defendants are enjoined from their wrongful conduct, Healthyline will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

85. Plaintiffs are therefore entitled to damages to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against all Defendants as follows:

(1) For a Preliminary and Permanent Injunction Order, which:

(a) preliminarily and permanently enjoins Defendant Meyers, Defendant Energy Med, and its officers, agents, servants and employees, and all persons in active concert and participation with them, including their affiliates, from further disseminating the false and deceptive advertising claims in any form or medium;

(b) requires Defendants to disseminate among consumers corrective advertising to dispel the false and deceptive messages contained in the false and misleading advertising; and

(2) For an order directing Defendants to account for, and to pay over to Healthyline, all gains, profits and advantages derived by Defendants from the above-described wrongful acts;

(3) For monetary damages sustained by Healthyline as a result of Defendants' unlawful conduct, in an amount to be proved at trial, and to be multiplied or otherwise enhanced because of Defendants' willful and deliberate activities described herein;

(4) Directing that Defendants pay Healthyline punitive damages resulting from state

4877-8094-9138, v. 3

law violations;

(5) Directing that the Defendants pay Healthyline the costs of this action and its reasonable attorneys' fees incurred herein as authorized by law; and

(6) Granting Healthyline such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, iMedia NY, Inc. d/b/a Healthyline hereby demands a trial by jury.

Dated: December 22, 2023

SAUCHIK & GIYAUR, P.C.

By:  /s/ Alec Sauchik
Alec Sauchik (AS-5002)
17 State Street, Suite 3230
New York, New York 10004
Telephone: (212) 668-0200
Fax: (212) 668-0222
asauchik@mdrxlaw.com

*Attorneys for Plaintiff*
*iMedia NY Inc.*